UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Aries J. May,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Renaissance of Richfield, LLC**<br>3975 Everett Rd.<br>Richfield, Ohio 44286<br><br>Defendant. | No.<br><br>Judge<br>Magistrate Judge<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Aries May ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, Renaissance of Richfield, LLC (hereafter referred to as "Renaissance" or "Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Minimum Fair Wage Standards Act ("OMWFSA"), O.R.C. § 4111.01, et seq.; Ohio Prompt Pay Act, O.R.C. § 4113.15; O.R.C. § 2307.60; and Fed. R. Civ. P. 23 for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2. Plaintiff, the Collective Members and the Class Members are current and former employees of Defendant. Plaintiff brings this action on behalf of herself and all similarly-situated current and former non-exempt hourly employees of Defendant.

3. Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of one and one-half times their regular rates of pay for all time they

spend working in excess of 40 hours in a given workweek. Defendant failed to pay Plaintiff, the Collective Members and the Class Members one and one-half times their regular rate of pay for all time they spent working in excess of 40 hours in a given workweek, including by excluding non-discretionary bonuses and shift differentials from the regular rate calculation, automatically deducting time for meal breaks that were not actually taken, and rounding employees' time in a manner that systematically undercounted hours worked.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction under 28 U.S.C. § 1331 for the FLSA claims and supplemental jurisdiction under 28 U.S.C. § 1367 for the state claims.

5. This Court also has jurisdiction under 28 U.S.C. § 1332(d) because this is a class action with aggregated claims exceeding $5,000,000 and minimal diversity exists.

6. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District, a substantial part of the events occurred here, and Plaintiff resides in Akron, Ohio, within this District.

## PARTIES

7. At all relevant times, Plaintiff is an individual residing in Akron, Ohio.

8. Plaintiff was employed by Defendant as a non-exempt hourly employee and performed services for Defendant at its assisted living and memory care facility in Richfield, Ohio, from approximately September 2024 through approximately May 2025.

9. At all relevant times, Plaintiff regularly worked over 40 hours per week, including shifts qualifying for shift differentials and non-discretionary bonuses, but was not paid overtime at the proper regular rate including incentives, had meal breaks automatically deducted without being taken, and experienced rounding of her time that reduced compensable hours.

10. Defendant Renaissance of Richfield Inc. is an Ohio corporation with its principal place of business at 3975 Everett Road, Richfield, Ohio 44286.

11. At all relevant times, Defendant operates an assisted living and memory care facility, is engaged in interstate commerce, and has annual gross revenues exceeding $500,000. Defendant is an "employer" under the FLSA, 29 U.S.C. § 203(d), and the OMWFSA, O.R.C. § 4111.01(D).

## FLSA COLLECTIVE ALLEGATIONS

12. Plaintiff brings her FLSA claims as a collective action under 29 U.S.C. § 216(b) on behalf of herself and all similarly-situated current and former non-exempt hourly employees who worked for Defendant in Ohio at any time from three years prior to the filing of this Complaint through judgment (the "Collective Members").

13. The Collective Members are similarly situated because they were subject to Defendant's common policies and practices of improperly excluding non-discretionary bonuses and shift differentials from the regular rate for overtime calculations, automatically deducting meal break time even when breaks were not taken, and rounding time in a way that undercounted hours worked, resulting in underpaid overtime and, in some instances, unpaid minimum wages.

14. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

15. Plaintiff seeks to notify the following individuals of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All non-exempt hourly employees who worked for Defendant in Ohio in excess of forty (40) hours in any given workweek at any point from three years prior filing their consent to join this lawsuit through the present.**

16. Upon information and belief, Defendant has employed hundreds, if not thousands, of Defendant during the period relevant to this action.

17. The identities of these individuals, as a group, are known only to Defendant. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

18. Because these similarly situated non-exempt employees are readily identifiable by Defendant and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

19. Collective adjudication is appropriate in this case because the individuals whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful misclassification as an independent contractor and failure to pay overtime as required by the FLSA.

**CLASS ACTION ALLEGATIONS**

20. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

21. Plaintiff brings her Ohio claims as a Rule 23 class action on behalf of the following Class:

> **All non-exempt hourly employees who worked for Defendant in Ohio in excess of forty (40) hours in any given workweek at any point from three years prior to the filing of this Complaint to the present.**

22. Numerosity. The number of Class Members is believed to be over one thousand. This volume makes bringing the claims of each individual Class Member before this Court

impracticable. Likewise, joining each individual Class Member as a plaintiff in this action is impracticable. Furthermore, the identity of the Class Members will be determined from Clipboard's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class Members and Clipboard.

23. Typicality. Plaintiff's Ohio claims are typical of the Class Members because like the Class Members, Plaintiff was subject to Defendant's uniform policies and practices and was compensated in the same manner as the Class Members. Defendant regularly required Plaintiff and the Class Members to work in excess of 40 hours in a given workweek without paying them overtime.

24. Adequacy. Plaintiff is a representative party who will fairly and adequately protect the interests of the Class Members because it is in her interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Ohio law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Class Members she seeks to represent.

25. Commonality. Common issues of fact and law predominate over any individual questions in this matter. The common issues include, but are not limited to:

a. The number of hours worked by Plaintiff and the Class Members;

b. The amounts paid to Plaintiff and the Class Members;

c. Whether Defendant paid all overtime wages due and owing to Plaintiff and the Class Members;

d. Whether Defendant improperly calculated the overtime rate paid to Plaintiff and the Class Members;

e. Whether Defendant failed to pay Plaintiff and the Class Members for all overtime hours worked;

f. Whether Defendant's violations of Ohio law were wilfull; and

g. The amount of unpaid overtime owed to Plaintiff and the Class Members.

26. Superiority. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any of the Class Members could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the system. Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits. Prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

27. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Members are readily identifiable from Defendant's records.

28. This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees; and (3) the burden is on Defendant to accurately record hours worked by employees.

29. Ultimately, a class action is a superior forum to resolve the Ohio state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff and the Class Members according to applicable Ohio laws.

## FACTUAL ALLEGATIONS

30. Plaintiff and the Collective/Class Members were non-exempt employees entitled to minimum wage and overtime pay.

31. Defendant required them to work over 40 hours per week, including shifts eligible for non-discretionary bonuses such as sign-on bonuses, attendance bonuses, and shift differentials for non-standard hours.

32. Defendant failed to include these non-discretionary bonuses and shift differentials in the regular rate of pay when calculating overtime at one and one-half times the regular rate, in violation of 29 C.F.R. § 778.211, resulting in systematic underpayment of overtime wages.

33. For example, during the pay period covered by the paycheck dated March 7, 2025, Plaintiff worked overtime hours and was eligible for a shift differential for weekend and second-shift work, but Defendant excluded the differential from her regular rate, resulting in underpaid overtime.

34. Defendant automatically deducted 30 minutes for meal breaks per shift, even when employees worked through breaks due to patient care demands and staffing shortages in the assisted living and memory care facility, without recording or compensating for the actual time worked, leading to unpaid hours including overtime.

35. Defendant engaged in unlawful time rounding practices, such as rounding down employees' clock-in and clock-out times to the nearest quarter-hour in a manner that favored Defendant and systematically reduced compensable hours, including overtime hours.

36. These failures were willful, as Defendant maintained uniform pay practices across its non-exempt staff in violation of known FLSA and OMWFSA requirements for regular rate calculations, meal break compensation, and time rounding in the healthcare industry.

37. As a result, Plaintiff and others suffered lost wages, including underpaid overtime at 1.5 times the proper regular rate and unpaid hours from improper meal break deductions and time rounding.

**COUNT I: FLSA OVERTIME VIOLATIONS**
**(On Behalf of Plaintiff and the Collective Members)**

38. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

39. Defendant has willfully and intentionally engaged in a common company pattern and practice of violating the provisions of the FLSA, by failing to pay Plaintiff and the Collective Members the required overtime wages and premiums for all hours worked over 40 in each and every workweek, in violation of 29 U.S.C. § 207.

40. Specifically, Defendant systematically excluded non-discretionary bonuses (such as sign-on bonuses, attendance bonuses, and shift differentials) from the regular rate of pay when calculating overtime compensation, in violation of 29 C.F.R. § 778.211; automatically deducted 30 minutes for meal breaks that were not actually taken due to workload demands, without compensating for the actual time worked; and engaged in unlawful rounding practices that rounded down compensable time to the nearest quarter-hour, favoring Defendant and reducing overtime hours recorded.

41. These violations were willful, as Defendant knew or showed reckless disregard for whether its conduct violated the FLSA, including by maintaining uniform policies across its non-exempt employees that evaded overtime obligations, turning a blind eye to off-the-clock work during meal periods, and failing to accurately track and report hours as required under the FLSA. As a result, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

42. Defendant's conduct has caused Plaintiff and the Collective Members to suffer damages in the form of unpaid overtime wages, and Defendant is liable for these violations.

43. Plaintiff and the Collective seek unpaid overtime compensation at one and one-half times their regular rates of pay for all overtime hours worked during the past three years, an equal amount in liquidated damages under 29 U.S.C. § 216(b), reasonable attorneys' fees and costs, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

**COUNT II: OMWFSA OVERTIME VIOLATIONS**
**(On Behalf of Plaintiff and the Class Members)**

44. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendant has willfully and intentionally engaged in a common company pattern and practice of violating the provisions of the OMWFSA, by failing to pay Plaintiff and the Class Members the required overtime wages and premiums for all hours worked over 40 in each and every workweek, in violation of O.R.C. § 4111.03.

46. Specifically, Defendant systematically excluded non-discretionary bonuses (such as sign-on bonuses, attendance bonuses, and shift differentials) from the regular rate of pay when calculating overtime compensation; automatically deducted 30 minutes for meal breaks that were not actually taken due to patient care demands, without compensating for the actual time worked;

and engaged in unlawful rounding practices that rounded down compensable time to the nearest quarter-hour, favoring Defendant and reducing overtime hours recorded.

47. These violations were willful, as Defendant knew or showed reckless disregard for whether its conduct violated the OMWFSA, including by maintaining uniform policies across its approximately 100 non-exempt employees that evaded overtime obligations, ignoring unreported work during meal periods, and failing to accurately track and report hours as required under Ohio law.

48. Defendant's conduct has caused Plaintiff and the Class Members to suffer damages in the form of unpaid overtime wages, and Defendant is liable for these violations.

49. Plaintiff and the Class seek unpaid overtime compensation at one and one-half times their regular rates of pay for all overtime hours worked during the applicable statutory period, treble damages under O.R.C. § 4111.10, reasonable attorneys' fees and costs, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

**COUNT III: OHIO PROMPT PAY ACT VIOLATIONS**
**(On Behalf of Plaintiff and the Class Members)**

50. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

51. Defendant has willfully and intentionally engaged in a common company pattern and practice of violating the Ohio Prompt Pay Act by failing to pay Plaintiff and the Class Members all earned wages, including overtime premiums, on the first and fifteenth of each month or as otherwise required, in violation of O.R.C. § 4113.15.

52. Specifically, Defendant failed to promptly pay the full amount of overtime wages owed due to its improper exclusion of non-discretionary bonuses and shift differentials from the

regular rate, automatic deductions for untaken meal breaks, and downward rounding of hours, resulting in incomplete and untimely wage payments on regular paydays.

53. These violations were willful, as Defendant knew or showed reckless disregard for its obligations under the Ohio Prompt Pay Act, maintaining systemic pay practices that shortchanged employees across its workforce and delayed full compensation for hours worked.

54. Defendant's conduct has caused Plaintiff and the Class Members to suffer damages in the form of unpaid and delayed wages, and Defendant is liable for these violations.

55. Plaintiff and the Class seek recovery of all unpaid wages, liquidated damages equal to six percent (6%) of the unpaid amounts or two hundred dollars ($200), whichever is greater, for each pay period of violation under O.R.C. § 4113.15(B), reasonable attorneys' fees and costs, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

**COUNT IV: VIOLATIONS OF O.R.C. § 2307.60**
**(On Behalf of Plaintiff and the Class Members)**

56. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendant's willful failure to pay overtime wages, as alleged herein, constitutes a criminal act under federal law pursuant to 29 U.S.C. § 216(a), which imposes criminal penalties for willful violations of the FLSA's overtime provisions (29 U.S.C. § 207, prohibited under 29 U.S.C. § 215(a)(2)). This criminal act has injured Plaintiff and the Class in their property by depriving them of earned wages, entitling them to civil recovery of full damages under O.R.C. § 2307.60. See *Oglesby v. FedEx Ground Package Sys., Inc.*, No. 3:20-cv-346, 2021 WL 1164438, at *4-6 (S.D. Ohio Mar. 26, 2021) (overruling motion for judgment on the pleadings and holding that a claim under O.R.C. § 2307.60 is viable based on alleged willful FLSA overtime violations,

rejecting preemption arguments and finding that the complaint plausibly alleges potential illegal conduct under federal law).

58. Specifically, Defendant's pattern and practice of excluding non-discretionary bonuses and shift differentials from the regular rate, automatically deducting untaken meal breaks, and rounding down hours constitute willful wage theft, knowingly depriving employees of compensation and reaping undue financial benefits at their expense.

59. These violations were willful, as Defendant acted with deliberate and reckless indifference to federal and state wage laws, perpetuating a scheme to evade overtime payments through uniform policies applied to its non-exempt workforce.

60. Defendant's conduct has caused Plaintiff and the Class Members to suffer damages in the form of lost wages and other economic harm, and Defendant is liable for these violations.

61. Plaintiff and the Class seek compensatory damages for all lost wages and economic injuries, punitive damages to deter future misconduct, reasonable attorneys' fees and costs, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff, Aries May, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Renaissance:

A. For the Court to declare and find Renaissance committed one or more of the following acts:

i. violated the minimum wage and overtime provisions of the FLSA;

ii. willfully violated the minimum wage and overtime provisions of the FLSA;

iii. violated the minimum wage and overtime provisions of the OMFWSA;

iv. willfully violated the minimum wage and overtime provisions of the OMFWSA;

v. willfully violated the Ohio Prompt Pay Act; and

vi. willfully violated O.R.C. § 2307.60.

B. For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award all treble damages, interest attorney fees and costs owed to Plaintiff and the Class Members;

F. For the Court to award Plaintiff's and the Class and Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G. For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time she spent attempting to recover wages for the Class and Collective Members and for the risks she took in doing so; and

H. Such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: January 19, 2026

Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq. (OH#0091739)
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (OH#0089483)
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com